UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
TTR GLOBAL LLC D/B/A
SERENITY RECOVERY,                                  :  Civil Action No.:

        Plaintiff,

v.                                                  :  <u>JURY TRIAL DEMANDED</u>

SERENITY MALIBU LLC,

        Defendant.
------------------------------------------------------------------ X

Plaintiff TTR GLOBAL LLC D/B/A SERENITY RECOVERY ("Serenity"), as its complaint against Defendant SERENITY MALIBU LLC ("Defendant"), alleges as follows:

## NATURE OF ACTION

1. This is an action seeking injunctive relief and damages arising from Defendant's violation of the Lanham Act; the Anti-Cybersquatting Consumer Protection Act ("ACPA"); New York State's Deceptive Practices Act (New York General Business Law § 349), New York General Business Law § 133; common law trademark infringement; common law unfair competition; and unjust enrichment.

## THE PARTIES

2. Plaintiff Serenity is a Nevada limited liability company residing in and having a principal place of business in New York, New York.

3. Defendant is a California limited liability company residing in and having a principal place of business in or near Malibu, California. Upon information and belief, Defendant is the registrant for the domain name serenitymaliburehab.com, which improperly uses a confusingly

{00122594;1}

similar variation of the Serenity Trademark (as defined below) in commerce within this District and with New York State consumers.

## JURISDICTION AND VENUE

4. This action arises, in part, under the Lanham Act, 15 U.S.C. § 1051, *et seq.*

5. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338.

6. The Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2)–(3).

8. The Court may properly exercise personal jurisdiction over Defendant because Defendant has personally availed itself of the benefits and protections of New York State; Serenity's claims arise out of Defendant's contacts with New York State; and Defendant's conduct has resulted in injury to Serenity and consumers within New York State.

## GENERAL ALLEGATIONS

### Plaintiff Serenity and the SERENITY RECOVERY Trademark

9. Since at least as early as 2009, Serenity has developed, maintained, operated and offered in commerce a variety of premier rehabilitation, recovery and sober living services that assist Serenity's clients in breaking the cycle of addiction and help develop the necessary tools to maintain a lifetime of recovery.

10. Serenity is the exclusive owner of all rights, title and interest in and to U.S. Trademark No. 4,480,017 for the word mark SERENITY RECOVERY® in connection with "Sober living services, namely, providing temporary accommodations for individuals who require a sober, drug-free environment" in International Class 043; and "Rehabilitation and recovery services for alcohol and substance abuse patients; consultation services in the field of rehabilitation and recovery for alcohol and substance abuse patients" in International Class 044. Serenity is also

the exclusive owner of any and all common law rights and goodwill associated with this trademark (collectively, the "Serenity Trademark"). Attached hereto as Exhibit 1 is a true and correct copy of the Certificate of Registration for the Serenity Trademark.

11. Under the Serenity Trademark, Serenity offers, *inter alia*, a highly successful program of rehabilitation, recovery and sober living services that facilitates its clients' transition from a toxic life to one of peace, health and overall wellness.

12. Serenity also owns all rights, title and interest in and to the Internet domain name serenitynewyork.com, as well as the goodwill associated therewith.

13. By virtue of continuous and extensive use, the Serenity Trademark has acquired substantial goodwill.

14. Serenity and its predecessors-in-interest have continuously used and extensively promoted the Serenity Trademark throughout the United States since long before Defendant's unauthorized and confusingly similar use of Plaintiff's Serenity Trademark. Indeed, Serenity has expended a tremendous amount of time, effort and money to continuously and widely use and promote its rehabilitation, recovery and sober living services under the Serenity Trademark.

15. As a result, long before Defendant's unauthorized and confusingly similar use of Plaintiff's Serenity Trademark, Plaintiff's Serenity Trademark had become widely recognized among the consuming public of the United States as a trusted source of rehabilitation, recovery and sober living services offered by Serenity.

16. Unfortunately, Serenity's success has attracted unscrupulous infringers, such as Defendant, who are anxious to capitalize on the popularity of the Serenity Trademark.

### Defendant and Its Wrongful Conduct

17. In or about July 2010, long after Serenity and its predecessors had established rights and goodwill in and to the Serenity Trademark, Defendant adopted and commenced use in commerce

of the confusingly similar mark "SERENITY MALIBU" in connection with addiction treatment, rehabilitation and patient care services for substance abuse patients (the "Infringing Mark").

18. At the time of commencing its use of the Infringing Mark, Defendant knew or should have known of Plaintiff's Serenity Trademark.

19. Moreover, upon information and belief, in or about October 2013, Defendant registered the Internet domain name serenitymaliburehab.com with the bad faith intent to profit from Plaintiff's Serenity Trademark.

20. On April 2, 2014, Serenity delivered cease-and-desist correspondence to Defendant in connection with Defendant's use of the confusingly similar Infringing Mark for essentially identical services as those designated for the Serenity Trademark.

21. Defendant is and has been using the Infringing Mark on and in connection with the website and online platform operated by Defendant at the Internet domain serenitymaliburehab.com (the "Infringing Website").

22. Upon information and belief, Defendant operates and controls the Infringing Website and use of the Infringing Mark.

23. Defendant's registration and use of the serenitymaliburehab.com Internet domain name constitutes cybersquatting.

24. On May 1, 2015, in furtherance of Defendant's scheme to unfairly capitalize on the goodwill and reputation of Plaintiff's Serenity Trademark, Defendant filed U.S. Trademark Application Serial No. 86/617,493 for the word mark SERENITY MALIBU (the "'493 Application"). The '493 Application seeks registration in International Class 044, and more specifically, in connection with "Addiction treatment services; Rehabilitation for substance abuse patients; Rehabilitation of alcohol addicted patients; Rehabilitation of drug addicted patients; Rehabilitation of narcotic addicted patients; Rehabilitation patient care services; and

Rehabilitation patient care services which includes inpatient and outpatient care." At the time of filing the '493 Application, Defendant knew or should have known of Plaintiff's Serenity Trademark. Attached hereto as Exhibit 2 is a true and correct copy of the '493 Application.

25. Indeed, a simple search of the U.S. Patent and Trademark Office's ("USPTO") Trademark Electronic Search System would have quickly revealed Serenity's registered Serenity Trademark.

26. On August 12, 2015, after conducting an independent search of its trademark records, the USPTO refused to register the Infringing Mark "because of a likelihood of confusion with the [Serenity Trademark]." The USPTO observed: "Consumers familiar with [the Serenity Trademark] will mistakenly believe that applicant's [Infringing Mark] is merely another in [Serenity]'s SERENITY - line of services." Likewise, the USPTO found that "the services [of Serenity and Defendant] are legally equivalent in part," and that "consumers who encounter these services under very similar marks are likely to mistakenly believe that the services come from a common origin or are somehow connected." Attached hereto as Exhibit 3 is a true and correct copy of the USPTO's refusal of the '493 Application for the Infringing Mark.

27. On September 30, 2015, instead of heeding Serenity's reasonable demands to cease and desist from unlawfully infringing upon the Serenity Trademark, Defendant initiated Cancellation Proceeding No. 92062362 before the Trademark Trial and Appeal Board (the "Cancellation Proceeding"), which makes conclusory, uninformed and non-specific allegations calling for the cancellation of the Serenity Trademark.

28. Upon information and belief, Defendant's infringing services are calculated to, and actually do, deceive consumers about the source and quality of the services offered by Defendant.

29. As a result, Defendant is harming consumers and irreparably damaging the goodwill associated with Serenity and its Serenity Trademark.

30. Serenity has performed all conditions precedent necessary to maintain the instant action that have not been otherwise waived or excused.

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement

### (15 U.S.C. § 1114)

31. Serenity realleges and incorporates by reference the allegations contained in Paragraphs 1 through 30 above as if specifically set forth herein in their entirety.

32. Defendant's use of the Infringing Mark infringes upon Serenity's superior rights in and to the federally registered Serenity Trademark.

33. Defendant has knowingly used the Infringing Mark in commerce without the consent of Serenity in connection with the sale, offering for sale and/or advertising of its addiction treatment, rehabilitation and patient care services for substance abuse patients, and such activities are likely to cause confusion or mistake, or to deceive consumers in the United States, as to the source, sponsorship and/or association of/with Defendant's goods or services.

34. Defendant's infringing acts include, without limitation, the distribution of advertising bearing the Infringing Mark; the promotion of services bearing the Infringing Mark on one or more Internet websites; the use of the Infringing Mark as part of an Internet domain name; the use of the Infringing Website itself; and the direct, indirect and/or cooperative offering of services bearing the Infringing Mark in the United States.

35. Under the circumstances of this case, Defendant's infringing activities constitute intentional, willful infringement in violation of Serenity's rights under 15 U.S.C. § 1114 and

have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Serenity's business, reputation and goodwill.

36. Unless enjoined by this Court under 15 U.S.C. § 1116 and the equitable powers of this Court, Defendant will persist in its activities, thereby causing Serenity additional irreparable harm.

37. Serenity has also sustained actual damages as a result of Defendant's infringing activities in an amount to be ascertained at trial.

38. Based upon Defendant's activities, this case qualifies for: a disgorgement of Defendant's profits; actual damages; and treble damages, together with attorneys' fees pursuant to 15 U.S.C. § 1117(b), or at the election of Serenity, statutory damages pursuant to 15 U.S.C. § 1117(c).

## SECOND CLAIM FOR RELIEF

### False Designation of Origin and Unfair Competition

### (15 U.S.C. § 1125(a))

39. Serenity realleges and incorporates by reference the allegations contained in Paragraphs 1 through 38 above as if specifically set forth herein in their entirety.

40. Serenity is the owner of the valid and protectable Serenity Trademark, as evidenced by the federal trademark registration attached hereto as Exhibit 1.

41. Serenity's use of the Serenity Trademark has affected, and continues to affect, interstate commerce.

42. Serenity's first use of the Serenity Trademark predated Defendant's unauthorized use of the Infringing Mark.

43. There is a likelihood of consumer confusion caused by Defendant's unauthorized use of the Infringing Mark.

44. Upon information and belief, Defendant's unauthorized use of the Infringing Mark was done knowingly, willfully, intentionally and in bad faith, and constitutes a violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Defendant's acts are greatly and irreparably damaging to Serenity and its Serenity Trademark, and will continue to be greatly and irreparably damaging to Serenity and its Serenity Trademark unless enjoined by this Court, as a result of which, Serenity is without an adequate remedy at law.

46. Based upon Defendant's activities, this case qualifies for: a disgorgement of Defendant's profits; actual damages; and treble damages, together with attorneys' fees pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF

### Cybersquatting in Violation of the ACPA

### (15 U.S.C. § 1125(d))

47. Serenity realleges and incorporates by reference the allegations contained in Paragraphs 1 through 46 above as if specifically set forth herein in their entirety.

48. Plaintiff's Serenity Trademark is presumed valid, enforceable and entitled to protection under the Lanham Act. Moreover, Plaintiff's Serenity Trademark was presumed to be a valid and enforceable trademark at the time that Defendant registered the infringing Internet domain name, serenitymaliburehab.com, and at the time that Defendant created the Infringing Website operating in association with same.

49. The serenitymaliburehab.com Internet domain name and associated Infringing Website both incorporate and use the Infringing Mark. The Infringing Mark is confusingly similar to Plaintiff's Serenity Trademark.

50. Defendant has registered and maintained the serenitymaliburehab.com Internet domain and Infringing Website with the bad faith intent to profit by and through the use of same.

51. Defendant's activities violate the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).

52. Defendant's acts have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Serenity's business, reputation and goodwill. Serenity has no adequate remedy at law because monetary damages are inadequate to compensate it for the injuries caused by Defendant.

53. Upon information and belief, Defendant's unlawful registration, maintenance and use of the serenitymaliburehab.com Internet domain name and Infringing Website have been intentional and willful.

54. Serenity is entitled to recover Defendant's profits, statutory damages and/or actual damages suffered by Serenity and the costs of this action pursuant to 15 U.S.C. § 1117(a). Serenity is also entitled to injunctive relief, including a Court order of forfeiture or cancellation of the accused Internet domain name, serenitymaliburehab.com, or the transfer of same to Serenity pursuant to 15 U.S.C. § 1125(d)(1)(C).

55. Based upon Defendant's activities, this case qualifies for a judgment of treble damages, together with attorneys' fees pursuant to 15 U.S.C. § 1117.

### FOURTH CLAIM FOR RELIEF

**Unlawful Deceptive Acts and Practices**

**(N.Y. Gen. Bus. Law § 349)**

56. Serenity realleges and incorporates by reference the allegations contained in Paragraphs 1 through 55 above as if specifically set forth herein in their entirety.

57. Defendant "conducted a business" and "furnished a service," as those terms are used in New York General Business Law § 349 (the "Deceptive Practices Act").

58. Defendant knowingly and willingly violated the Deceptive Practices Act by engaging in the wrongful acts and conduct described herein in a manner that is materially misleading, unfair, deceptive and contrary to public policy and standard business practices.

59. Defendant's acts and practices have had, and will continue to have, a broad impact on consumers at large including, but not limited to, those residing in New York State. Specifically, Defendant's use and advertisement of the Infringing Mark in New York State in the manner described herein causes confusion among the State's especially susceptible community of individuals suffering from addiction and substance abuse, preventing such individuals from distinguishing between available providers of addiction treatment, rehabilitation, recovery, patient care and sober living services.

60. Under the circumstances of this case, unless enjoined by this Court under New York General Business Law § 349(h) and the equitable powers of this Court, Defendant will continue to cause irreparable and continuing harm to the consumers of New York State, as well as Serenity's business, reputation and goodwill.

61. Serenity has also sustained actual damages as a result of Defendant's deceptive acts and practices in an amount to be ascertained at trial.

62. Based upon Defendant's activities, this case qualifies for: actual damages and treble damages, together with attorneys' fees pursuant to New York General Business Law § 349(h).

## FIFTH CLAIM FOR RELIEF

### Use of Name with Intent to Deceive

### (N.Y. Gen. Bus. Law § 133)

63. Serenity realleges and incorporates by reference the allegations contained in Paragraphs 1 through 62 above as if specifically set forth herein in their entirety.

64. Upon information and belief, at all times relevant to this action, Defendant's actions described herein have been undertaken with the intent to deceive the public as to the origin, sponsorship or approval of the services and commercial activities of Defendant.

65. Upon information and belief, Defendant's actions have deceived and confused the public, and are likely to continue to do so.

66. In light of the foregoing, Defendant's actions constitute a violation of New York General Business Law § 133.

67. As a direct and proximate result of Defendant's actions described herein, Serenity has been damaged and will continue to be damaged.

68. Serenity has no adequate remedy at law and has suffered, and will continue to suffer, irreparable harm and damage as a result of Defendant's aforesaid acts, which, if not enjoined, will cause immediate and imminent irreparable injury and monetary loss in an incalculable amount.

## SIXTH CLAIM FOR RELIEF

### Common Law Trademark Infringement

69. Serenity realleges and incorporates by reference the allegations contained in Paragraphs 1 through 68 above as if specifically set forth herein in their entirety.

70. Serenity has common law rights in and to the Serenity Trademark based on its continuous use of the Serenity Trademark in connection with the provision of rehabilitation, recovery and sober living services.

71. Defendant's unauthorized use of the Infringing Mark to promote, advertise, market and/or sell its services is likely to cause confusion, mistake and deception of the public as to the identity and origin of Defendant's services, or as to a connection or affiliation with Serenity, or permission from Serenity, that does not exist, causing irreparable harm to Serenity for which there is no adequate remedy at law. Defendant's conduct thus constitutes common law trademark infringement.

72. Despite its actual and constructive knowledge of Serenity's ownership and prior use of the Serenity Trademark, Defendant has continued to use the confusingly similar Infringing Mark without Serenity's authorization or consent. Defendant's actions are deliberate and willful and have been committed with the intention of trading upon the valuable goodwill built up by Serenity in its Serenity Trademark.

73. Serenity has sustained injury, damage and loss based on Defendant's actions.

## SEVENTH CLAIM FOR RELIEF

### Common Law Unfair Competition

74. Serenity realleges and incorporates by reference the allegations contained in Paragraphs 1 through 73 above as if specifically set forth herein in their entirety.

75. Defendant's unauthorized and unlawful activities described herein have been, and will continue to be, committed willfully and with full knowledge of the rights of Serenity, and with the intention of: deceiving and misleading the public; wrongfully misappropriating and trading upon the nationally recognized value of the goodwill and reputation associated with the Serenity

Trademark; benefiting from, and depriving Serenity of, the benefits arising from the reputation and goodwill associated with Serenity and the Serenity Trademark.

76. Serenity has sustained actual damages as a result of Defendant's wrongful conduct in an amount to be ascertained at trial.

77. Serenity has sustained irreparable harm as a result of Defendant's wrongful conduct for which there is no adequate remedy at law.

78. Defendant's conduct is fraudulent, malicious and oppressive, and otherwise qualifies for the imposition of punitive damages under New York State law.

## EIGHTH CLAIM FOR RELIEF

### Unjust Enrichment

79. Serenity realleges and incorporates by reference the allegations contained in Paragraphs 1 through 78 above as if specifically set forth herein in their entirety.

80. As a result of the conduct alleged herein, Defendant has been unjustly enriched to Serenity's detriment. Serenity seeks a worldwide accounting and disgorgement of all ill-gotten gains and profits resulting from Defendant's inequitable activities.

## PRAYER FOR RELIEF

**WHEREFORE**, Serenity prays for relief as follows:

1. An order preliminarily and permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from:

   a. Directly or indirectly infringing the Serenity Trademark or using any other designations similar to, or likely to cause confusion with, the Serenity Trademark;

   b. Passing off Defendant's services as being associated with and/or sponsored or affiliated with Serenity;

  c. Registering, using or trafficking in any Internet domain name that is identical or confusingly similar to Plaintiff's Serenity Trademark including, but not limited to, serenitymaliburehab.com;

  d. Committing any other unfair business practices directed toward obtaining for Defendant the business and customers of Serenity; and

  e. Committing any other unfair business practices directed toward devaluing or diminishing the brand or business of Serenity;

2. That Defendant forfeit, cancel or transfer the serenitymaliburehab.com Internet domain name, and any other Internet domain name that is identical or confusingly similar to Plaintiff's Serenity Trademark, to Serenity;

3. That Defendant expressly abandon its '493 Application for the mark SERENITY MALIBU, which is currently pending before the USPTO;

4. That Defendant expressly withdraw the Cancellation Proceeding with prejudice, which is currently pending before the USPTO's Trademark Trial and Appeal Board;

5. That Defendant offer up for destruction all products and marketing materials in its possession or control bearing the Serenity Trademark or any confusingly similar variation thereof including, but not limited to, the mark SERENITY MALIBU, pursuant to 15 U.S.C. § 1118;

6. Actual damages suffered by Serenity as a result of Defendant's unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

7. Reasonable funds for future corrective advertising;

8. An accounting of Defendant's profits pursuant to 15 U.S.C. § 1117;

9. A judgment trebling any damages award pursuant to 15 U.S.C. § 1117 and New York State law;

10. Punitive damages;

11. Restitutionary relief against Defendant and in favor of Serenity, including disgorgement of wrongfully obtained profits and any other appropriate relief;

12. Costs of suit and reasonable attorneys' fees; and

13. Any other remedy to which Serenity may be entitled, including all remedies provided for in 15 U.S.C. §§ 1117, 1125; New York General Business Law §§ 133, 349; and under any other federal and/or New York State law.

Dated: New York, New York
December 17, 2015

KLEIN MOYNIHAN TURCO LLP

Sean A. Moynihan, Esq. (SM-5129)
John E. Greene, Esq. (JG-4911)
450 Seventh Avenue, 40th Floor
New York, NY 10123
(212) 246-0900
*Attorneys for Plaintiff*